Núm. 51.—*In re* Mas.— <span style="background:black"></span> Abril 22, 1940.

Por cuanto, en un procedimiento de *disbarment* radicado por el fiscal de este tribunal, por delegación del Attorney General de Puerto Rico, se imputó al querellado Félix C. Mas la comisión de varios actos delictivos en relación con el ejercicio de la profesión de abogado-notario, consistentes en dejar de adherir las correspondientes estampillas de rentas internas a algunas escrituras matrices que se relacionan en la querella, con la intención de defraudar al Tesoro Insular;

Por cuanto, el querellado Félix C. Mas en el acto de la vista admitió que no había adherido las correspondientes estampillas de rentas internas, según se alega en la querella, si bien solicitó clemencia del tribunal por varias razones, ninguna de las cuales establece una excepción a la jurisprudencia sentada en los casos *In re Figueroa Maestre*, 20 D.P.R. 425 y 466, *In re Angel Torregrosa*, 25 D.P.R. 637, y otros resueltos posteriormente;

Por tanto, vistas la ley, la jurisprudencia y la admisión de culpabilidad del querellado, la corte se siente obligada a declarar con lugar la petición a cuyo fin ordena que el querellado Félix C. Mas cese inmediatamente y quede separado del ejercicio de la profesión de abogado-notario, que su nombre como tal abogado-notario sea borrado de los registros correspondientes obrantes en la Secretaría de este tribunal y que esta resolución sea notificada al Tesorero y al Secretario Ejecutivo de Puerto Rico, así como a las cortes de distrito de la Isla, las que a su vez notificarán a las cortes municipales de sus respectivos distritos.

Núm. 8116.—Ex parte Banuchi.—C. D. San Juan. <span style="background:black"></span> <span style="background:black"></span> Abril 22, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

Visto el recurso de apelación interpuesto por el peticionario apelante contra la sentencia de la Corte de Distrito de San Juan, declarando sin lugar la petición de hábeas corpus por él formulada;

POR CUANTO, de la solicitud radicada por el peticionario y de la evidencia ofrecida en su apoyo aparece que el peticionario se encuentra recluído en la Penitenciaría Insular cumpliendo ocho sentencias de un año de presidio cada una, las que le fueron impuestas en 13 de agosto de 1937 por la Corte de Distrito de San Juan, a virtud de ocho acusaciones distintas por el delito de escalamiento en primer grado; que en el acto de serle leída al acusado cada una de dichas acusaciones, la corte no le nombró abogado defensor, ni le advirtió de su derecho a estar representado y defendido por abogado, ni le hizo advertencia alguna al acusado en cuanto a la naturaleza de los delitos que se le imputaban; y que el acusado se declaró culpable de cada uno de dichos delitos, sin que en ningún momento estuviese representado por abogado;

POR CUANTO del informe (*return*) presentado por el Jefe de la Penitenciaría, en el que aparecen transcritas las ocho sentencias dictadas en contra del acusado, no aparece que el acusado fuese advertido de su derecho a estar representado por abogado o que voluntaria e inteligentemente renunciara tal derecho;

POR CUANTO, el peticionario ha cumplido ya las dos primeras sentencias que le fueron impuestas y se encuentra ahora cumpliendo las dictadas en las causas criminales números 3231, 3232, 3233, 3234, 3235 y 3236 de la Corte de Distrito de San Juan.

POR CUANTO, el fiscal de esta Corte Suprema ha radicado un informe allanándose a la revocación de la sentencia recurrida y recomendando que el caso sea remandado a la corte inferior;

POR TANTO, vistas las decisiones en los casos de *Johnson* v. *Zerbst*, 304 U. S. 458, 82 L. Ed. 1461; *Erwin* v. *Sandford, Warden*, 27 Fed. Supp. 692; *Ex Parte Hernández Laureano*, 54 D.P.R. 416, y *Ex Parte Resto*, 55 D.P.R. 725, se revoca la sentencia que dictó la Corte de Distrito de San Juan en 16 de octubre de 1939 y se devuelve el caso a dicha corte para que proceda a librar el auto de hábeas corpus solicitado, si de la investigación que deberá practicarse resultase que el acusado no fué advertido de sus derechos constitucionales ni los renunció voluntaria e inteligentemente; y para que en caso de que el auto fuere librado, se siga cualquier procedimiento ulterior no inconsistente con esta sentencia.